# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Anna Viktorovna Ivleva,**<br>Petitioner<br>-vs-<br>**Katrina Kane,**<br>Respondent | CV-08-1506-PHX-PGR (JRI)<br><br>**REPORT & RECOMMENDATION On Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** |

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Federal Central Arizona Detention Center, Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 14, 2008 (#1) challenging her continued detention pending removal.

Petitioner has been released from detention, and has failed to file a notice of change of address. Accordingly, the Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On August 14, 2008, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(#1), challenging her detention without bond in the Detention Center in Florence, Arizona, while awaiting removal to the Russian Federation or the Ukraine. Petitioner's Petition alleges that she was ordered removed on August 17, 2000, and has been detained since September 23, 2007, more than 180 days. (Petition, #1 at 4.)

In the Notice of Assignment filed August 14, 2008 (#2), Petitioner was advised of her

obligation to file a Notice of Change of Address. Similarly, the Service Order advised Petitioner that:

> Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

(Order 9/11/08, #3 at 2.)

On October 8, 2008, Respondents filed a Suggestion of Mootness (#9), with documents reflecting Petitioner's authorization to be released on conditions of supervision on or about October 7, 2008.

Accordingly, on October 15, 2008, the undersigned entered an Order (#10) giving Petitioner fifteen days to show cause why the Petition should not be dismissed as moot in light of Petitioner's release from custody. Petitioner did not respond, and on October 20, 2008, Petitioner's copy of that order was returned undeliverable (#11).

## III. APPLICATION OF LAW TO FACTS

### A. MOOTNESS OF HABEAS PETITION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id*. A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane*

*v. Williams*, 455 U.S. 624 (1982). While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York*, 392 U.S. 40 (1968); *Chacon v. Wood*, 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging immigration orders.

Here, Petitioner does not challenge her underlying removal order, but merely her continued detention pending the execution of that order. However, although it appears that detention has terminated, Petitioner remains subject to conditions of supervision. Under those circumstances, there may yet remain relief which may be granted. *Reimers, supra.* Moreover, Petitioner has not yet been heard from on whether the matter is moot.

However, in light of Petitioner's failure to prosecute, the Court need not resolve that issue to dispose of this matter.

**B. FAILURE TO PROSECUTE**

Local Civil Rule 83.3(d) provides:

> An attorney or unrepresented party must file a notice of a name or address change, and an attorney must also file a notice of a change of firm name or e-mail address. The notice must be filed no later than 10 days before the effective date of the change, except that an unrepresented party who is incarcerated must submit a notice within 5 days after the effective date of the change. A separate notice must be filed in each active case.

Despite having twice been given specific notice (Notice of Assignment, #2; Order, #3 at 2) of her obligation to file a notice of change of address, Petitioner has failed to keep her current address on file with the Court.

It is the duty of a party who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Petitioner. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Petitioner's failure to keep the Court informed of her new address constitutes failure to prosecute.

"The authority of a court to dismiss sua sponte for lack of prosecution has generally

been considered an ‘inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.” *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). “Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion.” *Id.* at 633.

In determining whether an abuse of discretion has occurred, a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 499 (9th Cir.1987).

Petitioner has failed to prosecute this action, and dismissal is therefore within the discretion of the Court. *Link v. Wabash R. Co., supra.* In the instant case, Petitioner appears to have abandoned this action upon his release from custody. Petitioner has had over five weeks since her release to file a notice of change of address. Further delay to the Court and to Respondent is not warranted. Also, Petitioner has received adequate warning of the potential of such action, and in light of Petitioner’s refusal to respond to the Court, less onerous sanctions will be ineffective.

The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh.

## IV. RECOMMENDATION AND ORDER

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus (#1) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure,* should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: November 21, 2008

JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\08-1506-001r RR 08 11 17 re HC Moot FTP NCA.wpd